NO. 7379. STATE OF LOUISIANA

ROBERT J. TANEY & WIFE
 COURT OF APPEAL
 VS

MRS TILLIE HIRSCH. . PARISH OF ORLEANS.
-----------------------------------------------------------------

# 7379

# O P I N I O N.

. . . . . . . . . . . . . . . . . . . . . . .

St. Paul, Judge.

This action is brought by the nominal plaintiffs on behalf of their minor son. It is a claim for damages growing out of the alleged negligence of defendant's chauffeur, and the charge is, 1. That the chauffeur stopped the automobile without signaling to those behind him, and, 2. That when the chauffeur had stopped and plaintiff's son, who had followed behind on a bicycle, had also stopped, the chauffeur backed his car without warning of any kind, striking and running over the bicycle, throwing down and injuring their son.

Just why the allegation is made that the chauffeur stopped without signaling, when admittedly nothing whatever came of this particular piece of alleged negligence, does not appear; but as to the alleged negligent backing of the car, plaintiff's son (aged 14) testifies that he kept about six feet behind the automobile as it came along and when it stopped he also stopped and stood with his feet on the ground and the bicycle between his legs, a foot or two (perhaps three) behind the automobile and directly back. (i.e. to the middle) of the automobile. That he could not see the chauffeur "from his bicycle", but could see him when he got off, that is, when standing with the bicycle between his legs; but is positive that the chauffeur signaled neither when about to stop nor when about to back. The car stopped "not more than a minute" before it began to back. When the automobile stopped he had reached his own destination, but in order to get there he had to cross the street, and "before he could get across he was in the back of the Automobile".

A boy friend (aged 16) testifies that he saw the boy back of the automobile "sitting on the frame of his bike". The automobile had already stopped and the boy was two or three feet behind. He was not

holding on the automobile but had his hands on the handlebars of his bike. "He did not stop (start?) to get off his bicycle before the automobile started backing", but "just when he was about to start Walter (the boy) tried to jump off and before he had time, the automobile hit him". The car hade been stopped about "two or three minutes;" and later, it started to back "right away". He did not see the chauffeur look to see if any one was behind him.

On the other hand the chauffeur testified that he signaled and looked out before attempting to back, and saw no one. He backed very carefully and did not know the boy was behind him until he cried out.

Apart from the fact that the boy's testimony was wholly in response to leading questions, and *that he* is contradicted on some points in other parts of his testimony, the trial judge who saw and heard the witnesses, believed the chauffeur and did not believe the boy.

And his conclusions seem to us quite correct; for it is evident that the boy had ample time to get from behind the automobile before it started to back; which he should have done since he had reached his destination; and which, from his own testimony, he was in the very act of doing.

And the fact is simply this; when the automobile stopped the boy was on the off side and started to cross behind it; he did not think the automibike might back and was not on the lookout so that he did not see the chauffeur's signal. On the other hand the chauffeur could not see the boy behind the car, and could not suspect that someone was about to cross behind his car at a place which was not a crossing and directly in front of traffic headed in the opposite direction.

The judgment appealed from seems to us correct, and should be affirmed.

Judgment Affirmed.